IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TOREY BOYKIN | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-460 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS
AND ADOPTING REPORT AND RECOMMENDATION

Petitioner, Torey Boykin, an inmate currently confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Dkt. 1]. The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court.

On June 1, 2026, the magistrate judge recommended dismissing the petition as barred by the applicable period of limitations [Dkt. 11]. The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Petitioner filed Objections [Dkt. 13]. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

In the Objections, Petitioner asserts that he is entitled to equitable tolling of the limitations period because: from 2018 through 2020, he was housed at the Clemens Unit in Brazoria County, Texas, and during that time, hurricanes affected "all/any court procedures"; and "[i]n 2020 through 2023-24," COVD-19 "took its toll[] on all fronts with court procedures also making filing and court response really hard" [Dkt. 13 at 1]. Petitioner's limitations expired prior to the onset of these events. Petitioner is not entitled to equitable tolling for any natural disaster or COVID-19 related delays that occurred after the expiration of the limitations period. Petitioner has failed to

demonstrate "rare and exceptional circumstances" during the limitations period justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Petitioner has also filed a motion to stay the proceedings to allow him to amend his petition to add "an additional ground of error" [Dkt. 12]. Petitioner obscurely states that the "appellate court's judgment on appeal from an interlocutory order take effect[s] when the mandate is issued," and if the mandate is issued, "any further proceeding in the courts must conform to mandate" [Dkt. 12 at 1]. Although the basis for Petitioner's new claim is unclear, any amendment would be futile because, like the original petition, the proposed amendment would be time-barred. *See Mayle v. Felix*, 545 U.S. 644, 653-55 (2005) (concluding that to be timely, a claim asserted in an amended petition must relate back to a claim in a timely filed petition or the amendment must itself be filed within the one-year federal limitations period); *United States v. Banda*, No. 5:11-CR-1284, 2014 WL 12609326, at *1 (S.D. Tex. Sept. 19, 2014) (noting that "a district court may deny a motion to amend [a motion for collateral relief] when the amendment would be futile, even when the amendment would normally be allowed as a matter of course [under Rule 15(a)(1)]") (citing *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (per curiam)); *cf. Whitaker v. McDonald*, No. 20-40569, 2022 WL 68972, at *2 (5th Cir. Jan. 6, 2022) ("[E]ven assuming *arguendo* that [the plaintiff] had a right to amend his complaint . . ., *see* Fed. R. Civ. P. 15(a), "'a district court need not grant a futile motion to amend.'") (quoting *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)).

ORDER

Accordingly, Petitioner's objections are OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is ADOPTED. The petition for the writ of habeas corpus under 28 U.S.C. § 2254 [Dkt. 1] is

2

DISMISSED with prejudice. A final judgment will be entered in accordance with the recommendations of the magistrate judge. Petitioner's motion to stay the proceedings to allow him to amend his petition to add an additional claim [Dkt. 12] is DENIED.

Furthermore, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the motion raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. In addition, the questions presented

are not worthy of encouragement to proceed further. Thus, Petitioner has failed to make a sufficient showing to merit the issuance of a certification of appealability.

**SIGNED this 22nd day of June, 2026.**

Michael J. Truncale
United States District Judge